UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MORRIS R. QUINN, JR.
and MECHELLE J. HUDSON,

                              Plaintiffs,

            v.                                    Case No. 26-cv-47-pp

BROWN COUNTY JAIL HSU, *et al.*,

                              Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Morris R. Quinn, Jr.,[1] who is incarcerated at the Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

---

[1] In addition to Quinn, the complaint's caption lists Mechelle J. Hudson as a plaintiff. But the body of the complaint does not contain any allegations regarding Hudson, nor does it include contact information for Hudson. Hudson did not sign the complaint and she did not pay a filing fee. The court will dismiss Hudson as a plaintiff.

1

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 12, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $40.57. Dkt. No. 5. The court received that fee on January 30, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

2

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      The Plaintiff's Allegations

The plaintiff sues the Brown County Jail Health Services Unit (HSU), J. Watermolen, Brown County Jail, CO Kroll, CO Nelson, P. Thao and B. Laurent. Dkt. No. 1 at 1-4. He states that he is both a pretrial detainee and a "[c]onvicted and sentenced prisoner" because he was on probation and has new charges pending. Id. at 5.

The plaintiff states that the events giving rise to his claim occurred at the Brown County Jail from October 28, 2025 through December 27, 2025. <u>Id.</u> He allegedly informed the jail's HSU department that he had been dealing with hemorrhoid issues and that he was in pain. <u>Id.</u> at 6. The plaintiff says that it took almost two weeks for him to be seen. <u>Id.</u> The plaintiff alleges that although "they" could see on the camera that he could barely walk, they forced him to walk. <u>Id.</u> He says that he told them that there was a knot under his buttock that was the size of a quarter. <u>Id.</u> They allegedly gave him some cream, but the plaintiff had an allergic reaction when he used it. <u>Id.</u> He says that that night, his hemorrhoid popped and that he has been bleeding and leaking pus for over two and a half months. <u>Id.</u> They allegedly won't take him to an outside doctor. <u>Id.</u> He says that he is always in pain and that his stomach hurts. <u>Id.</u>

The plaintiff alleges when he told Kroll to call the HSU, Kroll said that it wasn't a medical emergency. <u>Id.</u> at 13. The plaintiff allegedly told Kroll that he was still in pain and felt like he was dying, but Kroll denied his request for assistance. <u>Id.</u> The plaintiff also alleges that he asked Nelson to call the HSU because he was in pain, bleeding a lot, had a knot the size of a quarter under his leg and the medicine they gave him made him swell up. <u>Id.</u> For days, Kroll and Nelson allegedly saw that the plaintiff couldn't stand up and could barely walk, but they did not help him. <u>Id.</u> The plaintiff alleges that Jay Watermolen wrote in big, bold letters, "Seen by H.S.U.," which undermined the fact that the plaintiff had asked the officer to have the corporal see him as soon as possible.

4

Id. Watermolen allegedly "undermined the situation by telling [the plaintiff] in so many words to stop writing." Id.

For relief, the plaintiff seeks proper medical care, to be seen by an outside doctor, compensatory damages and punitive damages. Id. at 6.

C.     Analysis

The plaintiff cannot sue the Brown County Jail HSU and the Brown County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Brown County Jail is not a person—it is not an individual subject to suit under §1983—and the Brown County Jail HSU is a department within the jail. It is true that under some circumstances, a plaintiff may sue a municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Brown County

5

Jail and the jail's HSU, a department within the jail, do not have the capacity to be sued, the plaintiff may not proceed against the jail or the HSU.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff alleges that HSU staff delayed seeing him for his painful hemorrhoid issue for over two weeks. He says that despite not being able walk due to his hemorrhoids, he was forced to walk to the HSU. While there, he was allegedly given hemorrhoid cream. He says that that same night, his hemorrhoid burst and that he was bleeding and oozing puss but did not receive

6

treatment. The plaintiff appears to allege that after his hemorrhoid burst, Kroll and Nelson refused to obtain medical care for him despite his complaints of being in severe pain, feeling like he was going to die, not being able to stand and barely being able to walk. The plaintiff also alleges that Watermolen wouldn't get help for him and told him to stop writing to the HSU. The plaintiff may proceed on an Eighth Amendment claim against Kroll, Nelson and Watermolen in their individual capacities.

Although the plaintiff named Thao and Laurent as defendants, the complaint does not contain any allegations against them. The plaintiff does not state a claim against Thao and Laurent, so the court will dismiss them.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** plaintiff Mechelle J. Hudson and defendants Brown County Jail HSU, Brown County Jail, P. Thao and B. Laurent.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants J. Watermolen, CO Kroll and CO Nelson under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28

C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Watermolen, Kroll and Nelson to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the $309.43 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

8

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 29th day of June, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge