UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MORRIS R. QUINN, JR.,

Plaintiff,

v. Case No. 26-cv-47-pp

J. WATERMOLEN, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 29) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 30)**

---

Plaintiff Morris R. Quinn, Jr., who is confined at Green Bay Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights when he was confined at the Brown County Jail. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment medical care claim based on allegations that the defendants delayed treatment for and refused to treat issues related to his hemorrhoids. Dkt. No. 7 at 6-7. The plaintiff has filed a motion asking the court to appoint counsel, dkt. no. 29, and a motion for an extension of time, dkt. no. 30.

In his motion to appoint counsel, the plaintiff states that he cannot afford a lawyer. Dkt. No. 29. He also states that imprisonment will greatly limit his ability to litigate, that the issues involved in the case are complex and will require significant research and that he has limited access to the law library and legal knowledge. Id. The plaintiff asserts that a trial likely will involve

conflicting testimony, and counsel would better enable him to present evidence and cross-examine witnesses. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted

at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied the threshold requirement for the court to appoint counsel because he has not demonstrated that he tried to find a lawyer on his own. As stated above, the plaintiff must contact at least three lawyers

and provide the court with the lawyers' responses or, if he doesn't receive any response, the names and address information of the lawyers he contacted. Even if the plaintiff had made a reasonable attempt to find a lawyer, the court would not grant his request for counsel. The plaintiff has filed a detailed and comprehensive complaint describing his allegations, along with exhibits of jail grievances he submitted while at the jail. Dkt. Nos. 1, 1-1. On September 29, 2026, the defendants filed a joint motion for summary judgment on exhaustion grounds in which they contend that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 23. The plaintiff's complaint and other case filings demonstrate that he is able to respond to the defendants' motion. Moreover, the plaintiff recently filed a motion for extension of time to respond to the defendants' motion, which the court will grant. Dkt. No. 30. The court will deny without prejudice the plaintiff's motion to appoint counsel.

On October 19, 2026, the court received the plaintiff's motion for an extension of time to respond to the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 30. The plaintiff says that he has not yet had an opportunity to conduct discovery. Id. at 1. The plaintiff probably does not need to conduct discovery to respond to the defendants' motion for summary judgment on exhaustion grounds. The plaintiff's response must be limited to the issue of whether he exhausted his administrative remedies. If the court denies the defendant's motion for summary judgment on exhaustion grounds, the parties then will have an opportunity to conduct discovery on the merits of the plaintiff's medical care claim. The court will grant the plaintiff's motion for

extension of time and give the plaintiff more time to respond to the defendants' motion for summary judgment on exhaustion grounds.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 29.

The **GRANTS** the plaintiff's motion for extension of time to respond to the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 30. The court **ORDERS** that the deadline for the plaintiff to respond to the defendants' motion for summary judgment on exhaustion grounds is **EXTENDED** until the end of the day on **December 11, 2026**. If the plaintiff has not filed his response or asked for more time to file a response by the above deadline, the court will resolve the motion without the plaintiff's input.

Dated in Milwaukee, Wisconsin this 26th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**